IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY EKLEBERRY | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:17-cv-1528 |
| | § | |
| LITTLE JOHN TRANSPORTATION | § | |
| SERVICES, INC. and VINCE O'BAR | § | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid minimum wages and overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Kelly Ekleberry ("Plaintiff"), by Defendants Little John Transportation Services, Inc. and Vince O'Bar.

### Parties

1. Plaintiff Kelly Ekleberry ("Ekleberry") is a former employee of the Defendants, as that term is defined by the FLSA, and is represented by the undersigned.

2. Defendant Little John Transportation Services, Inc. ("Little John") is an Arkansas corporation that was an "employer" of Ekleberry as that term is defined by the FLSA. With respect to Plaintiff, Little John is subject to the provisions of the FLSA. Little John was at all relevant times an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Defendant Little John Transportation Services, Inc. may be served with process through its registered agent, Vince O'Bar at 3119 Banbury Place, Houston, Texas 77027 or wherever he may be found.

3. Defendant Vince O'Bar ("O'Bar") is an individual who was also an "employer" of Ekleberry as that term is defined by the FLSA. With respect to Plaintiff, O'Bar is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross

annual revenues in excess of $500,000. O'Bar was a person who determined and directly controlled the employee compensation policies of Little John. Defendant O'Bar may be served with process at 3119 Banbury Place, Houston, Texas 77027 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

5. Ekleberry worked for Defendants as a freight broker agent from February 20, 2017 to May 7, 2017. Ekleberry's duties included but were not limited to, making cold calls to companies nationwide to offer/sell shipping services as provided by Defendants. She also

interacted/answered questions for drivers and shippers regarding the transportation and scheduling of freight. Ekleberry was required to work more than 40 hours a week with Defendants. Ekleberry was paid on a salary rate plus commission basis, but was not paid premium pay for hours worked over 40. In other words, throughout Ekleberry's employment with Defendants, Defendants have failed to pay her the overtime premium required by the FLSA. Ekleberry was paid the same salary rate for all hours she worked, regardless of how many hours she worked in a week.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. Vince O'Bar is the owner of Little John Transportation Services, Inc. and has the ability to affect the daily conditions of employment of the company's employees. O'Bar hired, fired and set pay policies and structures for employees. O'Bar is thus an "employer" of Plaintiff under the terms and definitions of the FLSA, and is liable to Plaintiff for the damages sought herein.

8. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff is entitled to recover unpaid minimum wages, overtime compensation and liquidated damages for a period of three years prior to their appearance in this matter.

## CAUSES OF ACTION

### First Cause of Action: Violation of the FLSA – Failure to Pay Minimum Wage

9. Plaintiff incorporates all previous averments of fact into this First Cause of Action. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

10. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

11. Defendants are required by the FLSA to pay Plaintiff a minimum wage of $7.25 per hour.

12. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

13. Plaintiff sues Defendants for violation of the minimum wage and seeks recovery of damages, liquidated damages, attorney's fees and costs.

**Second Cause of Action: Violation of the FLSA: Failure to Pay Overtime Premium**

14. Plaintiff incorporates all previous averments of fact into this Second Cause of Action. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

15. Plaintiff worked, with the full knowledge and to the benefit of Defendants, more than 40 hours during work weeks.

16. Defendants paid Plaintiff on a salary rate basis for all hours worked.

17. Defendants knew or should have known that Plaintiff was entitled by law to an overtime premium for every hour worked over 40 in any given work week.

18. Defendants willfully refused to play Plaintiff the overtime premium.

19. Plaintiff has been damaged by Defendants' intentional failure to pay Plaintiff the overtime premium for hours worked over forty.

20. Defendants are liable to Plaintiff under the FLSA for all unpaid overtime premium, liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

21. Plaintiff sues Defendants for violation of the overtime provisions of the FLSA and seeks recovery of damages, liquidated damages, attorney's fees and costs.

### Alternative Claim Under Texas Labor Code

22. In the alternative, Plaintiff pleads that Defendants violated the Texas Labor Code, Chapter 62, by failing to pay Plaintiff the required minimum wage.

23. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiff for all unpaid minimum wages, illegal deductions, liquidated damages, attorney's fees and costs of Court under the Texas Labor Code for the two-year period preceding the filing of this lawsuit.

### Jury Demand

25. Plaintiff demands a trial by jury on all claims she has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An amount equal to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF KELLY EKLEBERRY**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
[tpadgettlaw@gmail.com](mailto:tpadgettlaw@gmail.com)
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
KELLY EKLEBERRY**